IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERTO V. CRUZ, | ) | |
|     Petitioner, | ) | Civil Action No. 13-149 |
| | ) | |
| v. | ) | District Judge Nora Barry Fischer |
| | ) | Magistrate Judge Susan Paradise Baxter |
| BOBBY L. MEEKS, | ) | |
|     Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION**

It is respectfully recommended that the petition for a writ of habeas corpus filed by Roberto V. Cruz be dismissed as moot.

**II.**     **REPORT**

At the time he filed his petition, Cruz was a federal inmate serving a term of imprisonment imposed by the U.S. District Court for the Eastern District of New York. In January of 2013, the Bureau of Corrections (the "BOP") discovered from the National Crime Information Center ("NCIC") database that Cruz had an outstanding warrant from the New York City Police Department ("NYPD"). Upon learning of this information, the BOP sent a Detainer Action Letter to the NYPD to find out whether it wanted a detainer placed against Cruz. Senior Assistant District Attorney of the Queens County, New York District Attorney's Office replied by email: "While we could [sic] like to have that warrant placed as a detainer, we must advise you that – at this point in time – Roberto Cruz is not available to our jurisdiction for prosecution nor trial, by operation of our Extradition Treaty with Spain, because the US Government extradited him without including our jurisdiction in the proceedings." Respondent explains

1

that since it was unclear whether there should be a detainer against Cruz, in an abundance of caution and in light of the NCIC information, the BOP placed the detainer. [ECF No. 10 at 2].

Thereafter, Cruz filed with this Court his petition for a writ of habeas corpus. He challenged the validity of the detainer and sought an order from this Court directing that it be removed. [ECF No. 5]. The filing of the petition apparently prompted further action on the part of the BOP, which made additional inquiries into the matter and determined that the detainer should be immediately removed. [ECF No. 10 at 2]. After the detainer was removed, Respondent filed a Notice of Suggestion of Mootness. [ECF No. 2]. Cruz did not file a reply.

It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III of the Constitution. See, e.g., Spencer v. Kemna, 523 U.S. 1, 7 (1998); see also Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Burkey, 556 F.3d at 147 (citing Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990) and Allen v. Wright, 468 U.S. 737, 750-751 (1984); Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 471-473 (1982)).

"This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a 'personal stake in the outcome' of the lawsuit." Spencer, 523 U.S. at 7; Burkey, 556 F.3d at 147. Thus, if developments occur during the course of adjudication that eliminate a habeas petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. Id.; Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996); New Rock Asset Partners v. Preferred Entity Advancements, 101 F.3d 1492, 1496-97 (3d Cir. 1996).

Applying the above precepts to this case, the petition is moot. Cruz has received from the BOP the relief that he sought from this Court (the removal of the detainer). Accordingly, there is no case or controversy for this Court to consider.[1] Spencer, 523 U.S. at 18 ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so.").

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be dismissed as moot.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Cruz must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  January 10, 2014

cc:    Nora Barry Fisher
       United States District Judge

---

[1] 28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B). As such, this Court makes no certificate of appealability determination in this matter.

3

Notice by CM/ECF to Respondent's counsel of record
and by first class mail to:

    Roberto V. Cruz
    76298-053
    FCI McKean
    PO Box 8000
    Bradford, PA 16701[2]

---

[2] According to Respondent, Cruz is no longer at FCI McKean. Although the Court expressly advised Cruz that he must notify the Court if his address changes by filing a document entitled Notice of Change of Address [ECF No. 2], Cruz has not updated his address of record. Therefore, the Court must send this Report and Recommendation to him at his original and only address of record at FCI McKean.